## LUTKINS v. DEN EX DEM. ZABRISKIE.

A special case, with leave to turn that case into a special verdict, can only be made by consent. It should appear in some way, that such case had been agreed to by the parties, or settled in pursuance of an agreement at the trial, or it will be disregarded by the court upon writ of error.

It is no ground of reversal that it does not appear that the record below was signed. Mere matter of verification cannot be assigned for error.

Error to Bergen Circuit Court. This was an action of ejectment in the Circuit Court of the county of Bergen, tried in that court at February Term, 1846. A verdict was taken for the plaintiff under the direction of the court, with leave for the defendant to move to set verdict aside and to enter nonsuit. At the same time, the ordinary rule for judgment nisi was entered, and also a rule upon the plaintiff to shew cause why the verdict should not be set aside, and judgment of nonsuit entered. At the succeeding August Term of the same court, the rule to shew cause was discharged, and judgment entered for the plaintiff. At that term a writ of error was presented, returnable to October Term, 1846, of the Supreme Court, and which was filed in the Supreme Court on the 7th day of October. No case was settled in the court below, and no bill of exceptions taken to the ruling of the judge. On the 28th October, 1846,

a state of the case was signed by the Judge of the Circuit Court, and subsequently filed in the Supreme Court by the attorney of the plaintiff in error; but it did not appear to have been done by the consent of the attorney of the opposite party, or in pursuance of any leave given in the court below. The entries in the minutes of the Circuit Court were certified into this court in obedience to a *Certiorari* issued for that purpose.

Before the CHIEF JUSTICE and Justices NEVIUS and CARPENTER.

Mr. *Zabriskie*, for the defendant in error, objected that the court should not hear errors assigned upon a mere case signed by the Judge below, and signed, too, without the consent of the opposite party after the record had been sent up. The only mode by which facts can regularly be brought under review upon writ of error, is by special verdict, or by bill of exceptions: the latter being tacked to the record becomes a part of the record. A special verdict must be entered in the minutes of the court. *Rev. Stat.* 942 § 94. The more ordinary mode, however, of submitting questions of law which arise upon the trial of a cause, the decision of the court is by agreeing upon a special case, with liberty to turn it into a special verdict, should it be necessary to take the opinion of a Court of Error. But this course is only by consent, and the case must be *agreed upon* by the parties; it is proper that it should be signed by them as evidence of that agreement. 1 *Archibold Pr.* 216 (*Ed.* 1838.) At least it should appear that it had been settled in pursuance of an agreement at the trial, and with leave to turn the case into a special verdict; and the case should not be settled without an opportunity for examination by the opposite attorney. It should contain facts proved, and not the mere evidence given to prove these facts, as is the case in the present instance. How can what a witness has said be turned into a special verdict? No opportunity was given for objection to the form or the substance of this case.

Mr. *Vroom*, contra.

*Per Curiam.* We have always been very liberal in regard to

special cases agreed upon in order to take the opinion of the court, and to obtain a review upon error. When agreed upon, or settled, and leave has been reserved to turn the case into a special verdict, although the mere case has been brought up by the writ of error, we have frequently presumed it to be a special verdict. We have in such cases considered it as turned into a special verdict and treated it as such. But the agreement of the parties must appear, in order to make a special case. Here the court has nothing upon which it can act. The paper filed is a mere *ex parte* certificate by the judge of the facts, given in evidence upon the trial, not only made up long after the trial, but made up, or at least signed, after the record had been brought into this court.

The objection is not merely technical : it is one which involves substantial rights, and the paper must be disregarded.

Mr. *Vroom* then moved to reverse for error alleged to be apparent upon the face of the record. He said that it did not appear that the judgment had been signed by the judge, which is an essential part of the judgment. *Rev. Stat.* 940 § 77–8.

If no record unless signed, then no record here ; but sent up and treated as a judgment, it should be reversed as defective.

Mr. *Zabriskie,* contra.

The statute is merely *directory* to the clerk, as to the manner in which the proceedings are to be *recorded.* It might as well be assigned for error, that the proceedings were not recorded in *well bound* books on *good paper* when so directed. The proceedings in this case are *in fact* recorded in such book, and signed as directed by the statute, neither of which matters appear by the return—nor need they appear.

Besides, this is not specially assigned for error. It cannot be brought under the general assignment. If specially assigned, the defendant in error might have had the return amended.

*Per curiam.* There is no ground for reversal in the reason urged. The statute requires the record of judgments in civil cases to be signed for the purpose of verification. It must be signed, or it cannot be used in evidence ; but mere matter of

verification cannot be assigned for error.    The objection is merely that the record, sent up upon the writ of error is not complete.

Judgment affirmed.